REPUBLIC OF FRANCE, PLAINTIFF, v. LEHIGH VALLEY RAILROAD COMPANY, RESPONDENT.

THE KING OF THE UNITED KINGDOM OF GREAT BRITAIN AND IRELAND, PLAINTIFF, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT.

AETNA EXPLOSIVES COMPANY, INCORPORATED, PLAINTIFF, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT.

Argued November 4, 1920—Decided June 7, 1921.

1. In an action against the railroad company for loss of gun cotton caused by fire, one of the causes of negligence alleged was failure to provide adequate facilities and proper measures and precaution, both before and after the fire started, for removing and isolating cars which caught fire and cars loaded with dangerous explosives likely to explode, in or near which fire might be discovered. Under the charge of the court permitting recovery for negligence thus characterized, the jury might find that there was no negligence of the defendant in the starting of the fire, but that there was negligence after the fire started in removing or isolating the cars, but this theory was not applicable to cars standing on the dock of another corporation with which the defendant had nothing to do.

2. Those in control of barges had no right to tie up to other barges which were in turn tied up to defendant's dock, and such action, which was an interference with defendant's possessory right, was a trespass.

3. Where harbor regulations were violated by tying barges loaded with explosives to a wharf devoted to handling explosives in large quantities, defendant had a right to assume that rules promulgated for public safety would be observed, and plaintiff could not acquire additional rights by such violation.

On rule to show cause.

Before Justices SWAYZE, PARKER and BLACK.

For the plaintiffs, *Maximilian M. Stallman* and *Edwin F. Smith.*

For the defendant, *Collins & Corbin.*

On the brief, *George S. Hobart, Nash Rockwood, Charles T. Lark, Richard W. Barrett* and *Edgar H. Boles.*

The opinion of the court was delivered by

SWAYZE, J.   The three actions involved in these rules grow out of the same explosion involved in *New Jersey Fidelity, &c., Insurance Co.* v. *Lehigh Valley Railroad Co.,* 92 *N. J. L.* 467.

Part of the claim of the Republic of France was for benzol and wet gun cotton in railroad cars on the Lehigh Valley dock. For this the jury rendered a verdict in favor of France, and the defendant does not now question that verdict.

Part of the claim of France was for wet gun cotton in railroad cars on the Central railroad dock; part for picric acid, N. C. powder and cannon powder on the Barge "Rockwell."

The claim of the king of Great Britain was for smokeless powder on barges.

The claim of the Aetna Explosives Company was for smokeless powder on a barge. For these two parts of the claim of France and for the claims of Great Britain and the Aetna Explosives Company the verdicts were in favor of the defendant. The question is whether the rules allowed the plaintiffs on these verdicts shall be discharged or made absolute.

First, as to the verdict in the case of the gun cotton in railroad cars on the Central railroad dock. It is urged in behalf of the plaintiff against this verdict that if the jury was right in finding in favor of France for the benzol and wet gun cotton on the Lehigh Valley dock, it must, logically, have found negligence with reference to the gun cotton on the Central railroad dock. This argument overlooks the fact that there was an element of negligence as to these explosives that was not present in the case of the other explosives belonging

to France. One of the causes of negligence alleged was the failure to provide adequate facilities and proper measures and precautions, both before and after the fire started, for removing and isolating cars which caught fire and cars loaded with dangerous explosives likely to explode in or near which fire might be discovered. We agree with the defendant that under a charge permitting recovery for negligence thus characterized, the jury might properly find that there was no negligence on the part of the Lehigh Valley Railroad Company, so far as concerned the starting of the fire, and yet may have properly found that there was negligence after the fire started in removing or isolating cars on its dock. As counsel for the defendant properly argues, this theory of liability is not applicable to cars standing on the Central railroad dock with which the Lehigh Valley had nothing to do. We see no reason why we should interfere with that finding. That disposes of the rule in the case of France.

2. The question as to the liability in the case of Great Britain and the Aetna Explosives Company is more difficult. The trial judge charged "negligence is the omission to perform a duty which is owing by the defendant to the plaintiff, so that in order that there may be negligence there must be duty, and that brings us to consider just for a moment a very important contention made in this case, and that contention is this: What was the duty which these barges—scows—occupied at the time of the happening of this catastrophe? Were they trespassers, were they licensees or were they on the public highway where they had a right to be?" He charged that if they were on the public highway (by which he meant the navigable waters of the New York bay) there was a duty; that they were lawfully upon the public highway where they had a right to be, and, therefore, had a right to expect from the defendant the performance of the duty of exercising care commensurate with the risk of danger to be apprehended in case such care were not exercised. The situation was this: The barges had, without right and apparently without knowledge of the railroad company, tied up to the Lehigh Valley

wharf, one barge to another, and after the fire started had cut loose and were being towed away. The judge charged that it became a question of fact for the jury whether the explosion occurred while they were still tied up or whether they were then on navigable waters of the bay. He permitted the jury to find a verdict for the plaintiff, if at the time of the explosion the barges had cast off. He told the jury that if the barges were still tied up, the plaintiff would then be a trespasser, or, at best, a licensee, and could not recover except for willful injury. Since the jury found a verdict for the defendant, we do not pause to consider whether the judge was right in holding that the defendant was liable if the barges had cast off at the time of the explosion. The evidence justified a finding that they had not, and the only question for us is whether the judge was right in limiting, as he did, the plaintiffs' right of recovery to the case where the barges had cast off. The judge based the right of recovery against the defendant upon a failure to perform its duty to the plaintiff, not merely upon negligence—negligence at large, we may call it. This was right. In *Meyer* v. *Benton,* 74 *N. J. L.* 533, the Court of Errors and Appeals said that the responsibility of the defendants depended upon the question whether injury to the plaintiff, or to a class of which the plaintiff was one, ought reasonably to have been anticipated, and cited *Guinn* v. *Delaware and Atlantic Telephone Co.,* 72 *Id.* 276, and said that the same principle underlay the decision in *Van Winkle* v. *American Steam Boiler Co.,* 52 *Id.* 240. The trial judge in this case gave as an illustration of a lack of legal duty the case of a trespasser. It is established that injury to a mere trespasser need not be anticipated; a man has the right to assume that his possession will not be violated because he has the right to assume that the law will be observed. Van Winkle *v.* American Steam Boiler Company justifies a broader rule of liability where the defendant is dealing with a highly dangerous agency. This has recently been approved in *Piraccini* v. *Director General of Railroads,* 95 *Id.* 311. But the fundamental question is, Ought injury to the plaintiff to be rea-

sonably anticipated? The judge dealt with the case of trespass only as an illustration of a lack of duty. The charge is not to be taken piecemeal but as a whole. Thinking, as we do, that his reference to the case of a trespass was meant only as an illustration of the absence of duty, as it ordinarily is, we ought not disturb the verdict. If, however, we took a narrower view of the charge we should be unable to say that this was not a case of trespass. Those in control of the barges had no right to tie up to other barges which were in turn tied up to the defendant's wharf. It was an interference with the possessory right of the wharf owner and no doubt prevented to some extent access to its wharf. This would be a trespass under the best of circumstances, but in the present case the harbor regulations were violated by tying these barges loaded with explosives to a wharf which had been devoted to the handling of explosives in large quantities for a long time. The defendant cannot properly be held to anticipate that the harbor regulations might be violated. It might properly assume, in the absence of notice to the contrary, of which there is no proof, that the plaintiff or its agents or employes would not act unlawfully. It had the right to assume that rules intended for the protection of everybody under very hazardous circumstances would be observed by everybody. It would be anomalous to allow the plaintiff to acquire additional rights by a violation of law. We think that the defendant was not under a duty to the plaintiffs, if the jury found the situation as we have suggested, as they well might. Having the right to assume that the plaintiffs' barges would not be there is violation of legal right, it was not negligent as to the plaintiffs because under no duty to them.

Other questions arose in the case but the rulings were favorable to the plaintiffs and it would serve no useful purpose to discuss them. Let the rules be discharged, with costs.